## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| MIKE FLEMING, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:08-cv-02226-CM-DJW ) |
| COMMERCE BANCSHARES, INC. | ) ) |
| Defendant. | ) ) |

## JOINT STIPULATED PROTECTIVE ORDER

1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered for the purpose of protecting commercial and confidential information of the parties and non-parties. Discovery has already been served on the Defendant Commerce Bancshares, Inc. ("Commerce Bank") and the parties anticipate additional discovery will be served by the parties in the course of this litigation. It is anticipated that the parties may produce information they consider to be confidential and, in some instances, would include information subject to privacy restrictions imposed by law. In submitting this Protective Order, the parties do not waive any objections to discovery that may be served. Confidential information sought in discovery will include Plaintiff's personal information; Commerce Bank's personal customer account information; policies, procedures and other financial practices of Commerce Bank; and Commerce Bank's internal training materials. To be deemed confidential, this information must have been maintained as confidential by the party prior to this litigation. Nothing in this Protective Order shall prevent the parties, whether jointly by stipulation or individually by motion, from requesting the Court to approve the inclusion of additional categories

of materials within the scope of this Protective Order.

2.

This protective order shall apply to the production of documents described in paragraph 1 of this Protective Order ("personal account information; policies, procedures and other financial practices of Commerce Bank; and Commerce Bank's internal training materials") produced in response to discovery served by the parties. Said documents and materials claimed by the parties to be confidential and within the scope of this Protective Order shall be marked or otherwise designated as "CONFIDENTIAL."

3.

No document, deposition or tangible thing or other information described in paragraph 1 may be disclosed to any person, except for the following: the Court, the jury, counsel of record; persons assisting counsel of record, including outside experts and consultants; directors, officers, employees and members of any party; and employees of any party's attorney to whom it is necessary that the material be disclosed for purposes of this litigation.

4.

For purposes of any disclosures to persons assisting counsel of record; outside experts or consultants; directors, officers, employees and members of any party; and employees of any party's attorneys, the party making such a disclosure must obtain an agreement in writing from the persons assisting counsel, including outside experts or consultants, or officers or employees of either party, reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provision.

5.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum or motion) that discloses, directly or indirectly, all or part of any

document described in paragraph 1 above, such party shall first file a motion with the Court seeking (and be granted) leave to file the particular document(s) under seal (consistent with the Court's administrative procedures for electronically filing under seal in civil cases). *See Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073 at *1 (D. Kan. Feb. 17, 2004). If leave is granted the moving party shall file such document under seal and label it, "CONFIDENTIAL."

6.

All such documents and materials produced by the parties shall be used only in the course of the above-captioned proceedings and shall not be used or provided for use in any other litigation or proceedings.

7.

Upon conclusion of this action, counsel for the parties shall return to counsel of the opposing party the original and all copies made of such documents and materials described in paragraph 1 above and the party producing the materials shall retain a copy of the materials produced (in paper or electronic format) for five years after a final judgment is entered. Provided, however, that nothing in this provision shall obligate the producing party to retain any documents or materials other than one copy (in paper or electronic format), as produced in the litigation.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

9.

In their planning process, as reflected in the Parties Planning Report, the parties agreed to

discuss what would happen in the event that privileged or work product materials are inadvertently disclosed. The parties reported that they have continued their discussion and agreed to the following limited "clawback" provision:

> If the disclosing party inadvertently produces privileged or trial preparation materials, it must notify the other party of such disclosure. After the requesting party is notified, it must return, sequester, or destroy all information and copies and may not use or disclose this information until the claim of privilege or work product is finally resolved (whether by the parties or by the Court).

In addition, and independent of the provisions of this clawback provision, the Court reminds counsel that a lawyer who receives materials that on their face appear to be subject to the attorney/client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them. *See Employer's Reins. Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 430 (D. Kan. 2003) (citing American Bar Association, ABA Comm. On Ethics & Prof'l Responsibility, Formal Opinion 92-368 (Nov. 10, 1992)).

IT IS SO ORDERED as agreed and requested by counsel for the Parties, this 5th day of September, 2008.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Respectfully submitted this 20th day of August, 2008:

        STINSON MORRISON HECKER, LLP

By: *s/ Daniel D. Crabtree*
    Daniel D. Crabtree, KS Bar #10903
    Mark D. Hinderks, KS Bar #11293
    12 Corporate Woods
    10975 Benson, Suite 550
    Overland Park, Kansas 66210
    Tel. (913) 451-8600
    Fax. (913) 344-6796
    Email:   dcrabtree@stinson.com
                mhinderks@stinson.com

    Robin K. Carlson, KS Bar #21625
    1201 Walnut, Suite 2900
    Kansas City, Missouri 64106
    Tel: (816) 842-8600
    Fax: (816) 691-3495
    Email: rcarlson@stinson.com

    ATTORNEYS FOR DEFENDANT

    and

    Rex A. Sharp
    Barbara C. Frankland
    GUNDERSON, SHARP & WALKE, L.L.P.
    5301 W. 75th Street
    Prairie Village, KS 66208

By: *s/ W. Greg Wright*
    W. Greg Wright
    Charles T. Schimmel
    HILL, BEAM-WARD, KRUSE, WILSON & WRIGHT, LLC
    8695 College Blvd., Suite 200
    Overland Park, KS 66210

    ATTORNEYS FOR PLAINTIFF