DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MIKE FLEMING, on behalf of himself**
**and all others similarly situated,**

                **Plaintiff,**

**v.**

**COMMERCE BANK, NA,**

                **Defendant.**

**CIVIL ACTION**

**No. 08-2226-CM-DJW**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay (doc. 15). Defendant seeks a stay of discovery, pending a ruling on Defendant's Motion for Summary Judgment (doc. 27).

Plaintiff asserts causes of action against Defendant for breach of contract, conversion, and unjust enrichment, based on Defendant postponing an account holder's access to funds. Plaintiff seeks to certify a class consisting of "[a]ll Commerce Bank customers throughout Kansas, Missouri, Oklahoma, Illinois, and Colorado who made a deposit from April 4, 2003 to the present . . . but the full sum of the deposit was not made available to them even though the deposit had cleared and the funds were in the possession of Commerce Bank."[1]

In its Motion for Summary Judgment, Defendant asserts that Plaintiff's conversion and unjust enrichment claims are preempted by the federal Expedited Funds Availability Act, as implemented by Federal Reserve Board Regulation CC. In addition, Defendant asserts that Plaintiff cannot prevail on his breach of contract claim because he entered into a binding contract with

---

[1]Class Action Petition, attached as Ex. 1 to Def.'s Notice of Removal (doc. 1).

Defendant in which he expressly agreed to the terms of the "Commerce Bank Depository Account Agreement," which includes a "Funds Availability Policy." Defendant contends that (1) the terms alleged by Plaintiff are not part of that Depository Account Agreement, and (2) the terms agreed to by Plaintiff in the Depository Account Agreement do not require next-day availability as Plaintiff alleges. Defendant also argues — to the extent Plaintiff bases his contract claim on breach of the duty of good faith and fair dealing — that Kansas does not permit a plaintiff to rely on such a theory to create additional contractual obligations not established by the contract itself.

In its Motion to Stay, Defendant states that Plaintiff seeks to conduct discovery on a broad class-wide basis. Defendant maintains that it should not have to invest the substantial resources that will be required to meet its discovery obligations in the event its Motion for Summary Judgment is ultimately granted. Plaintiff, on the other hand, argues that a stay is warranted only in extreme circumstances, and that no such circumstances exist in this case. In addition, he maintains that a stay would prevent him from discovering evidence necessary to defend himself against the Motion for Summary Judgment.

Not surprisingly, the parties have very different views of the likelihood of success of Defendant's Motion for Summary Judgment. Defendant argues that it is highly likely that the Court will determine that Plaintiff has no cognizable claims, while Plaintiff argues that the case is not likely to be finally resolved via Defendant's motion.

It is well settled that the decision to stay discovery is firmly vested in the sound discretion of the trial court.[2] As a general rule, discovery is not stayed in this District based merely on the

---

[2]*See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis v. North*
(continued...)

pendency of dispositive motions.[3]  The Court, however, in its discretion, may decide to stay discovery where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[4]

Upon review of the record as it currently stands, the Court concludes that a *limited* stay of discovery is warranted until the Court resolves Defendant's Motion for Summary Judgment. Under that limited stay, the parties will be permitted to engage in discovery related only to those issues raised in the summary judgment motion. The Court finds that such a stay would strike a balance between conserving resources and providing Plaintiff access to the courts. Most notably, such a limited stay would grant Plaintiff sufficient opportunity to develop a factual record to defend against the pending Motion for Summary Judgment. While it would be improper for the Court to make even a preliminary determination about the ultimate merits of Defendant's Motion for Summary Judgment, the Court notes that the motion does raise substantial issues regarding federal preemption.

In light of the foregoing, the Court grants in part Defendant's Motion to Stay. Only that discovery related to issues raised in Defendant's Motion for Summary Judgment will be permitted, pending a ruling on that motion.

---

[2](...continued)
*Am.* Co., 299 U.S. 248, 254 (1936)).

[3]*Mayberry v. Envtl. Prot. Agency,* No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (D. Kan. Jan. 9, 2008)*; Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D. Kan. Aug. 7, 2007); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990). See also *McCoy v. U.S.*, No. 07-2087-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007) ("[A]s a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.") (citing *Wolf v. U.S.*, 157 F.R.D. 494, 494 (D. Kan. 1983)).

[4]*Mayberry,* 2008 WL 104208, at *1; *Semsroth*, 2007 WL 2287814, at *1; *Kutilek*, 132 F.R.D. at 298.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (doc. 15) is granted in part and denied in part. Pending resolution of Defendant's Motion for Summary Judgment (doc. 27), the parties shall limit their discovery to the issues raised in the Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of October 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:  All counsel and *pro se* parties