IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE FLEMMING, on behalf of himself and all others similarly-situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | )   Case No. 08-2226-CM |
| COMMERCE BANCSHARES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff asserts causes of action against defendant for breach of contract, conversion, and unjust enrichment, based on defendant postponing an account holder's access to funds. Plaintiff seeks to certify a class consisting of "[a]ll Commerce Bank customers throughout Kansas, Missouri, Oklahoma, Illinois, and Colorado who made a deposit from April 4, 2003 to the present . . . but the full sum of the deposit was not made available to them even though the deposit had cleared and the funds were in the possession of Commerce Bank." (Pl.'s Pet., Doc. 1. Ex. 1 at 2.) Plaintiff originally filed this action in the District Court of Johnson County, Kansas, Case No. 08 CV 2870. On May 13, 2008, defendant filed a notice of removal. This matter is before the court on plaintiff's Motion for Remand to State Court (Doc. 7).

### I.  Judgment Standard

The removing party bears the burden of showing that jurisdiction is proper in federal court. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing

*Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  The court is mindful that "[d]oubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

Federal courts are courts of limited jurisdiction, requiring a statutory basis to exercise jurisdiction.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("*Nicodemus I*"). This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "'A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Nicodemus I*, 318 F.3d at 1235 (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).  Thus, a question of federal law must appear in plaintiff's well-pleaded complaint.  *Nicodemus I*, 318 F.3d at 1235.  The Tenth Circuit clarified, however, that "even if a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) ("*Nicodemus II*").  Because plaintiff is the master of his or her complaint, "cases brought in state court may not be removed to federal court even if a federal defense, such as preemption, is anticipated in the plaintiff's complaint, and 'even if both parties concede that the federal defense is the only question truly at issue.'"  *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 247 F. Supp. 2d 1215, 1123 (D. Kan. 2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

The parties dispute whether this court has federal question jurisdiction over plaintiff's claim under the substantial federal question doctrine.  "[E]ven though a plaintiff asserts only claims under state law, federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues."  *Nicodemus II*, 440 F.3d at 1232.  "[F]ederal jurisdiction demands not only a contested federal

issue, but a substantial one." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). "There is no "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims. *Id.* at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)). The "starting point is to determine whether the well-pleaded complaint raises a disputed issue of federal law, the resolution of which is necessary to grant the relief Plaintiffs seek." *Nicodemus II*, 440 F.3d at 1234. If the complaint presents a federal issue, the court "next ask[s] whether the federal issue is one that is 'actually disputed and substantial, [and] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id*. 1235–36 (citing *Grable*, 545 U.S. at 314). "[I]n determining whether the federal question is a substantial one, courts should inquire into whether resolution of the issue in federal court would benefit from 'the advantages thought to be inherent in a federal forum.'" *Id*. (citing *Grable*, 545 U.S. at 313). "The United States Supreme Court has characterized this basis for jurisdiction as a 'special and small category.'" *Colbert v. Union Pacific R. Co.*, 485 F. Supp. 2d 1236, 1245 (D. Kan. 2007) (citing *Grable*, 545 U.S. at 313).

**II.     Analysis**

Defendant contends that plaintiff's conversion claim raises a substantial issue of federal law, arguing that an element of the claim requires the court to determine whether defendant violated the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq*. Plaintiff argues that this court lacks jurisdiction over his claims, and that defendant is attempting to convert its preemption defense into a substantial federal question.

The parties agree that to prevail on a conversion claim under the applicable laws,[1] plaintiff must show "an unauthorized assumption and exercise of the right of ownership of goods or unauthorized

---

[1] Plaintiff's putative class involves the state laws of Kansas, Missouri, Oklahoma, Illinois, and Colorado.

-3-

chattels belonging to another." (Pl.'s Reply, Doc. 13 at 11–12); *see also Bomhoff v. Nelnet Loan Servs., Inc.*, 109 P.3d 1241, 1246 (Kan. 2005) ("Conversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights."). Defendant argues that this element—whether defendant's retention of plaintiff's funds was authorized—is governed by the EFAA. Plaintiff argues that it is governed by state common law or the states' Uniform Commercial Code ("U.C.C."), enacted before September 1, 1989.

The EFAA is "a 1987 law designed to accelerate the availability of funds to bank depositors and to improve the Nation's check payment system." *Bank One Chicago, N.A. v. Midwest Bank & Trust Co.*, 516 U.S. 264, 266 (1996). As the Supreme Court explained in *Bank One*:

> The Act requires banks to make deposited funds available for withdrawal within specified time periods, subject to stated exceptions. *See* §§ 4002, 4003. To reduce banks' risk of nonpayment, the Act grants the Board of Governors of the Federal Reserve System (Federal Reserve Board or Board) broad authority to prescribe regulations expediting the collection and return of checks. § 4008. The Board and other banking agencies are authorized to enforce the Act's provisions administratively, by issuing cease-and-desist orders and imposing other civil sanctions. *See* § 4009(a) (incorporating administrative enforcement provisions of 12 U.S.C. § 1818).
>
> . . .
>
> Subsection 4010(d) provides for concurrent federal-court and state-court jurisdiction over civil liability suits.

516 U.S. at 267–68. Section 4007 specifically addresses state laws that require funds be made available for withdrawal in a shorter time period than that proscribed by the EFAA or its regulations. It provides that

> a) In general
>
> Any law or regulation of any State in effect on September 1, 1989, which requires that funds deposited or received for deposit in an account at a depository institution chartered by such State be made available for withdrawal in a shorter period of time than the period of time provided in this chapter or in regulations

-4-

>    prescribed by the Board under this chapter (as in effect on September 1, 1989)
>    shall –
>       (1) supersede the provisions of this chapter and any regulations by the Board
>    to the extent such provisions relate to the time by which funds deposited or
>    received for deposit in an account shall be available for withdrawal; and
>       (2) apply to all federally insured depository institutions located within such
>    State.
>    (b) Override of certain State laws
>       Except as provided in subsection (a) of this section, this chapter and
>    regulations prescribed under this chapter shall supersede any provision of the law
>    of any State, including the Uniform Commercial Code as in effect in such State,
>    which is inconsistent with this chapter or such regulations.

12 U.S.C. § 4007.

Defendant contends that plaintiff's conversion claim raises substantial federal questions because to determine if defendant's conduct was unauthorized, the court must resolve (1) whether the states, consistent with § 4007 of the EFAA, may use state common law to establish funds availability requirements; (2) whether § 4007 allows states to use common law that took effect after September 1, 1989 to impose obligations on banks; and/or (3) whether the language of § 4002 and its regulations provides the only schedule on which funds must be made available. (D. Memo., Doc. 12 at 12–13).

Unlike the conversion claims in *In re Universal Service Fund,* a case on which defendant heavily relies, violation of the EFAA is not a direct element of plaintiff's claim.  247 F. Supp. 2d 1215.  In *In re Universal Service Fund*, the defendants could not have acted unlawfully unless they violated federal law.  Id. at 1230 ("an essential element of each of these state law claims that [defendants] violated section 201 or 202 of the [Federal Communications Act].").  Here, *application* of federal law, the EFAA, is at issue.  Plaintiff argues that state common law or the U.C.C. governs whether defendant was authorized to retain plaintiff's funds, and defendant argues that the issue is governed by the EFAA.  The EFAA and its regulations can theoretically preempt the state common law or U.C.C., but that is an issue of preemption—a defense to, not an element of, plaintiff's conversion claim.  The issues presented by defendant raise preemption as a defense, which is not a basis for removal.  *See, e.g., Colbert*, 485 F.

Supp. 2d at 1246 ("whether conflict preemption applies in this case is a defense and under the well-pleaded complaint rule, not a valid basis upon which to remove a state cause of action.").[2]

The court finds that the issues in this case do not raise a substantial federal question. Accordingly, this court lacks subject matter jurisdiction over this case. This case is remanded to the state court.

### III.     Attorneys' Fees

In his motion for remand, plaintiff requests attorney fees. When remanding an action, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision whether to award costs is discretionary. *See Martin*, 546 U.S. at 132. Then the removing party has an objectively reasonable basis for removal, the court should not award fees. *Id.* at 141. After reviewing the parties' arguments, the court finds that defendant's removal was objectively reasonable—plaintiff's conversion claim does raise issues regarding the applicability of the EFAA. The court further finds that defendant did not remove this case for the purpose of prolonging litigation or to impose additional costs on plaintiff. Plaintiff's request for attorneys' fees is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Remand to State Court (Doc. 7) is granted.

Dated this 16th day of December 2008, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

---

[2] Defendant argues preemption as a defense in its motion for summary judgment. (Def.'s Memo in Support, Doc. 28 at 2 ("As a matter of law, plaintiff's state law claims for conversion and unjust enrichment are specifically preempted by [the EFAA and its regulations] because federal law authorizes banks to place a hold on funds under the precise circumstances at issue here.").)